R. M. SAUNDERS v. JULIUS WAGENER.

REMOVAL OF COUNTY TREASURER. It is within the power of the County Court to remove the county treasurer under and by virtue of the power vested in it by the 10th Section of the Act of 1840.

APPEAL from Guadalupe. Tried below before the Hon. John P. White.

In December, 1874, Saunders brought suit against Wagener for the office and the books and papers pertaining to the office

of treasurer of Guadalupe county, alleging, that on the 9th November, 1874, Wagener was the lawful incumbent of the office; that on that day he was removed from said office by a decree of the County Court of said county, upon trial to which he was legally cited; that said decree was as follows (giving it, it being full and formal); that on the 10th November, 1874, A. B. Moore, the presiding justice of Guadalupe county, issued and published, in accordance with law, an order for an election to fill the vacancy in said office; that said election was held on the 5th of December, A.D. 1874, at which the petitioner was legally elected; that he has given bond and taken the official oath, "and is now treasurer by virtue," etc., and is entitled to the custody of the books, records, papers, etc., of the office, for which he has made demand, but which was withheld by Wagener, who still claimed the office. He prayed for judgment for the possession, etc.

Wagener filed a general demurrer to the petition, which was sustained, and Saunders appealed.

*Goodrich & Henderson,* for appellant.

*Ireland,* for appellee.

ROBERTS, C. J. The question in this case is, can the county treasurer be removed from his office by the County Court, under and by virtue of the law of 1846, which reads as follows, to wit:

"The county treasurer may at any time be removed from "office for malpractice, incompetence, or refusal to act, by "the County Court, upon due notice given him, with a speci- "fication of the cause or causes upon which it is sought to "effect such removal, of the time and place of investiga- "tion, and after a fair and impartial hearing in his behalf." (Paschal's Digest, Article 1104.) This is the tenth Section of of an Act entitled "an Act regulating the office of county treas- "urer." (Paschal's Digest, Article 1104.) The first Section of said Act provided for the appointment of a county treasur-

er by the County Court, which was superseded by the Act of 1850, entitled " an Act regulating the election of county treas- " urer by the people." (Paschal's Digest, Article 1107.) This office has not been provided for by the Constitutions of Texas, but was created first by an Act of the Congress, and has been continued by the Acts of the Legislature up to the present time, and is now an elective county office under the Act of the 28th of June, 1870.

· The questions, therefore, upon which this action of the County Court depends, are :

*First.* Can the Legislature create a county office not men- tioned or provided for in the Constitution, prescribe the mode of appointment of the incumbent, and provide other modes of removal than that prescribed by the 24th Section of the 5th Article of the Constitution, which is as follows, to wit :

" All county and district officers whose removals are not " otherwise provided for, may be removed on conviction by a " jury after indictment for malfeasance, nonfeasance or mis- " feasance in office." (Paschal's Digest, p. 1118.)

*Second.* Has this been done ?

As before shown, the office of county treasurer was one cre- ated by legislative authority, and though the original mode of appointing the incumbent has been changed, there has been no express repeal of Section 10 of the Act of 1840 providing for his removal by the County Court, nor has any other mode been expressly provided. That it was competent for the Legislature to prescribe other modes for the removal of such an officer, may be seen by reference to the 8th Article of the Constitu- tion (1869) headed " Impeachment," which, after providing for the impeachment of certain officers, provides further in the 6th Section thereof as follows :

" The Legislature shall provide for the trial, punishment, and " removal from office, of all other officers of the State, by in- " dictment or otherwise." (Paschal's Digest, p. 1179.)

The two clauses, taken together, lead to the conclusion that there is provided by the Constitution a permanent mode for

the removal of all county and district officers by indictment, which may be adopted " when their removals are not otherwise provided for," and power is given to the Legislature to provide for the removal of all other officers than those impeachable by a mode otherwise than by indictment, as well as by indictment.

That it was not designed by the Constitution to make indictment the exclusive mode for the removal of such an officer, may be seen by reference to the 41st Section of the General Provisions, where another mode of removal is provided by the Constitution itself.

" All civil officers of this State shall be removable by an ad-
" dress of two-thirds of the members elect to each house of the
" Legislature, except those whose removal is otherwise pro-
" vided for by this Constitution."   (Paschal's Digest, 1131).

This law as to the mode of removing the county treasurer by the County Court, being in force at and before the adoption of our present Constitution, remains in force as the mode otherwise than by indictment which the Legislature is authorized to prescribe, unless there has been such a change in the structure and powers of that tribunal as to be inconsistent with the discharge of such a duty.   The Constitution of 1869, and the laws passed in pursuance thereof in reference to the present County Court, evidently contemplate the preservation and perpetuation of the general powers of that tribunal as a police court for county purposes as they have been formerly exercised from its first institution, though constituted by different officers, and called by different names at different times.   (Section 20, Article 5, Constitution 1869, Paschal's Digest, 1118. Act of 1870, Sections 32, 33, Paschal's Digest, Articles 6110–12.)

The County Courts, as now organized, are as fully competent to perform this duty as at any previous period when this law as to the removal of the county treasurer was passed, and continued in force up to the organization of the present County Court.

We are of opinion that it is within the power of the County Court to remove the county treasurer under and by virtue of the power vested in them by the 10th Section of the Act of

1840, and that, therefore, the judgment in this case must be reversed and the·cause be remanded for further proceedings.

Reversed and remanded.